Filed 6/4/15  P. v. Mayberry CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B257604 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA095927) |
| v. | |
| JAMES EDWARD MAYBERRY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Arthur Jean, Jr., Judge.  Affirmed as modified.

John Alan Cohan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthew S. and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant James Edward Mayberry was convicted of one count of attempting to dissuade a witness in violation of Penal Code section 136.1, subdivision (a)(2),[1] arising out of a course of conduct in which he threatened a witness four times over a 10-day period. Defendant contends the trial court erred in failing to sua sponte give the jury a unanimity instruction. We conclude that no instruction was necessary, and affirm; we also direct the abstract of judgment be modified to properly reflect the offense of which defendant was convicted.

## PROCEDURAL BACKGROUND

On September 27, 2013, defendant was charged by information with one count of attempting to dissuade a witness by force or threat, in violation of Penal Code section 136.1, subdivision (c)(1). It was alleged that defendant committed this offense, "[o]n or between May 20, 2013 and May 30, 2013." It was also alleged that defendant had suffered a "strike" within the meaning of the "Three Strikes" law (Pen. Code, § 1170.12) and four prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

The case proceeded to jury trial. No unanimity instruction was requested or given. The jury was instructed on the lesser included offense of attempting to dissuade a witness (without force or threat) in violation of Penal Code section 136.1, subdivision (a)(2). The jury found defendant not guilty of the charged offense, but guilty of the lesser included offense. However, the verdict form presented to the jury erroneously identified the lesser as a violation of subdivision (b)(1) of section 136.1, rather than subdivision (a)(2) of that statute.

A bench trial was held on the prior enhancement allegations; the trial court found the strike and three prior prison term allegations to be true. Defendant was sentenced to a total term of nine years in prison, calculated as the upper term of three years, doubled for

---

[1] As we shall discuss, there is some confusion in the record as to the exact subdivision of this statute that defendant violated.

the strike, plus one year for each of the prior prison terms.  Defendant filed a timely notice of appeal.

## FACTS

Doris Deanes was 65 years old.  She used a wheelchair, although sometimes stood behind it and pushed it, like a walker.  She was on friendly terms with the homeless population of San Pedro, of which defendant was a member.  Defendant was friends with a man named Oswaldo Tapia, who was known as "Smurf."  In February 2013, Deanes filed a criminal report against Tapia.  Subsequently, she received a summons to testify at his preliminary hearing on June 3, 2013.  Defendant then engaged in a campaign to convince Deanes not to testify against Tapia at the preliminary hearing.

On May 20, 2013, as Deanes was pushing her wheelchair toward a bus stop, defendant came up behind her, called her a bitch, and demanded that she stop so he could talk to her.  Defendant told Deanes he wanted her to talk to him about getting Smurf a 25-years-to-life sentence.  Defendant told Deanes he was going to kill her and she better leave San Pedro.  He told her that he would hurt her if she called the police.  He continued to follow Deanes and threaten her until her bus arrived.  He said that if she went to court, he would kill her.

On May 23, 2013, while Deanes was waiting at a bus stop, the conduct repeated.  Defendant called Deanes a snitch and said he was going to get rid of all the snitches.  Defendant said he would kill Deanes, so she better not go to court on Smurf and get him "25 to life."

On May 24, 2013, when Deanes was attempting to purchase a hamburger for a homeless man, defendant again approached her and made threats, referencing Deanes's attempt to get Smurf a lengthy sentence.  He again called her a bitch and said she better leave San Pedro.  He said that if she called the police on him, she would be dead.

On May 30, 2013, when Deanes was preparing to take the bus, defendant came up from behind her and threatened her again.  He said she better not go to court.  He said he

3

was going to kill her and she better leave San Pedro. He repeated that if she called the police on him, she would be dead.

Each time, defendant raised his voice, but he did not touch Deanes. Each interaction ended with Deanes getting on her bus to leave, or defendant simply walking away.

On May 30, 2013, after the last incident, Deanes telephoned the detective in the Tapia case and told her about defendant's threats. The detective took a report. After testifying at the Tapia preliminary hearing, Deanes identified defendant to police from a photographic array.

Defendant was arrested on June 6, 2013. He was told he was under arrest for threats, but the arresting officer did not identify the victim. Defendant told the officer that Deanes was "putting cases on everybody" and she was a liar. Later that day, defendant was interviewed. When asked if he had threatened Deanes, he responded, "I told her, if she keeps lying and putting cases on people somebody is going to do something to her." He added that he would never hurt Deanes.

At trial, defendant's sole defense witness was Timothy Stroup, a friend of his. Stroup testified that he spent quite a bit of time with defendant between May 20 and May 30, 2013, and that, during this time, not only did defendant not threaten Deanes, but Deanes threatened defendant. Stroup claimed that, on seven instances during the 10-day period, Deanes approached defendant and Stroup. First, she told them that she was going to testify against Smurf. Then Deanes threatened to call the police on defendant, to say that he was threatening her. Each time, defendant asked Deanes to leave him alone. Deanes smelled of alcohol on each occasion. Stroup's credibility was challenged, in that he admitted that he had used methamphetamine every two to three days during 2013, although he claimed that he was not using during those 10 days because he was sick. Stroup also initially testified that he never spoke with defendant after May 30, 2013, then admitted on cross-examination to having discussed this case with defendant multiple times, Finally, on redirect, he decided he had spoken with defendant only once, when he ran into defendant in jail and learned about this case.

4

**DISCUSSION**

1.    *The Court Did Not Err in Failing to Instruct on Unanimity*

A criminal conviction requires a unanimous jury verdict. The jurors must unanimously agree that the defendant is criminally responsible for one discrete criminal event. (*People v. Thompson* (1995) 36 Cal.App.4th 843, 850.) When the pleading charges a single criminal act and the evidence shows more than one such act, either the prosecution must elect the act relied upon to prove the charge or the jury must be instructed on unanimity.[2] (*Ibid.*) When the prosecution has not made an election, but the evidence shows more than one act that could constitute the offense, the court must instruct on unanimity sua sponte. (*People v. Dieguez* (2001) 89 Cal.App.4th 266, 274-275.)

However, no unanimity instruction is required where the multiple acts constitute a continuous course of conduct. This exception arises in two situations. First, it arises when the *criminal statute* contemplates a continuous course of conduct of a series of events over a period of time. (*People v. Napoles* (2002) 104 Cal.App.4th 108, 115.) Alternatively, it applies when the acts alleged are so closely connected as to form part of one continuing transaction or course of conduct. (*People v. Dieguez, supra,* 89 Cal.App.4th at p. 275.) Both of these exceptions apply in this case.

First, in *People v. Salvato* (1991) 234 Cal.App.3d 872, 883, it was held that dissuading a witness under Penal Code section 136.1 is an offense which criminalizes a continuing course of conduct. Considering the statutory language, the court concluded that section 136.1 focuses on "an unlawful goal or effect, the prevention of testimony, rather than on any particular action taken to produce that end." (*Salvato*, at p. 883.) The

---

[2]    For example, CALCRIM No. 3500 states: "The defendant is charged with _____ [in Count ____] [sometime during the period of _____ to _____]. [¶] The People have presented evidence of more than one act to prove that the defendant committed this offense. You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act (he/she) committed."

5

statute prohibits attempts to "prevent or dissuade" witnesses from testifying. (§ 136.1.) " 'Prevent' and 'dissuade' denote conduct which can occur over a period of time as well as instantaneously. The gravamen of the offense is the cumulative outcome of any number of acts, any one of which alone might not be criminal. Thus it falls within the continuous conduct exception, and no election or unanimity instruction was required." (*Salvato,* at p. 883.)

Second, defendant's four acts of attempting to dissuade Deanes were so closely connected as to form one continuing course of conduct. This exception applies when the defendant offers essentially the same defense to each of the acts and there is no reasonable basis for the jury to distinguish between them. (*People v. Dieguez, supra,* 89 Cal.App.4th at p. 275.) Here, over ten days, defendant engaged in a campaign to frighten Deanes into not testifying against Tapia at his upcoming preliminary hearing. Nothing distinguished the four individual threatening incidents from each other; defendant made virtually identical threats under similar circumstances. Moreover, defendant offered the same defense to each act: Stroup's testimony that it was Deanes who was the threatener and defendant the victim.

Finally, even if it was error for the court to fail to give a unanimity instruction, the error was harmless. There is a split in authority as to whether the standard of review of *People v. Watson* (1956) 46 Cal.2d 818, 836 or the stricter standard of *Chapman v. California* (1967) 386 U.S. 18 applies. (*People v. Wolfe* (2003) 114 Cal.App.4th 177, 185-186.) Even under the harmless beyond a reasonable doubt standard of *Chapman,* the error was harmless. Applying this test, we look at the evidence given to assess the impact of the error. (*Wolfe,* at p. 188.) The error is harmless if disagreement among the jurors concerning the specific acts proved is not reasonably probable. This will occur when the prosecution provided testimony of a pattern of acts, and the defense presented an outright denial. In such a case, the jury issue is simply one of credibility, and it is not reasonably likely the jury would disagree as to particular acts. (*People v. Napoles, supra,* 104 Cal.App.4th at pp. 119-120.) This is such a case. Deanes testified to a pattern of four similar acts. There were no other witnesses who testified to any of these threats.

6

Defendant's defense was an all-or-nothing assault on Deanes's credibility. Defense counsel began his closing argument with, "Doris Deanes is a liar." There was no reasoned basis on which one juror could have accepted Deanes's testimony as to one event and rejected on it on another, while another juror would have done the same as to different events. Because the jury convicted defendant, it is clear beyond a reasonable doubt that the jury accepted Deanes's testimony and rejected Stroup's; thus, it must have found all of the acts occurred.

2.    *The Abstract Must Be Modified*

Penal Code section 136.1, subdivision (a)(2), prohibits attempting to dissuade a witness from attending or giving testimony at any trial or proceeding authorized by law. Subdivision (b)(1) of that statute prohibits attempting to dissuade a victim or witness from *reporting* a crime. Subdivision (c)(1) prohibits violating any of the acts set forth in subdivision (a) or (b) by force or threat of force.

Defendant was charged with violation of Penal Code section 136.1, subdivision (c)(1), attempting by force or threat to dissuade a victim from testifying. The jury was also instructed on the lesser included offense of attempting to dissuade a witness from "[a]ttending or giving testimony at any trial, proceeding, or inquiry authorized by law" without force. However, the court erroneously identified this offense as a violation of subdivision (b)(1), rather than subdivision (a)(2). Defendant was found guilty of the lesser offense.

The abstract of judgment does not indicate that defendant was convicted of Penal Code section 136.1, subdivision (a)(2); nor does it indicate defendant was convicted of subdivision (b)(1). Instead, it erroneously indicates defendant was convicted of violating subdivision (c)(1), described as "dissuad[i]ng witn[es]s by force/threat," although defendant was actually acquitted of this offense. The abstract must therefore be modified to reflect conviction of Penal Code section 136.1, subdivision (a)(2), attempting to dissuade a witness without force or threat.

7

**DISPOSITION**

The superior court is directed to modify the abstract of judgment to reflect that defendant was convicted of attempting to dissuade a witness under Penal Code section 136.1, subdivision (a)(2), and not attempting to dissuade a witness by force or threat under Penal Code section 136.1, subdivision (c)(1).  As modified, the judgment is affirmed.

RUBIN, ACTING P. J.

WE CONCUR:

FLIER, J.

GRIMES, J.

8